IN THE UNITED STATES CIRCUIT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ISAIAH ZORICH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

### **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

Defendant Walmart Inc. hereby removes this action from the Circuit Court for St. Louis County, Missouri (where this action bore the case number No. 24SL-CC00167) to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support of this Notice of Removal, Walmart states the following:

### **BACKGROUND AND PROCEDURAL HISTORY**

1. On January 11, 2024, Isaiah Zorich filed a Class Action Petition and Jury Trial Demand in the Circuit Court for St. Louis County, Missouri. That court is within the jurisdiction and venue of the United States District Court for the Eastern District of Missouri, Eastern Division. Attached as **Exhibit A** is a true and correct copy of the Petition, and attached as **Exhibit B** is a true and correct copy of the Summons.

2. Exhibits A and B include all the process, pleadings and orders Walmart has received in connection with this case, No. 24SL-CC00167.

3. Attached as **Exhibit C** is a true and correct copy of the state court docket for case No. 24SL-CC00167, as required by Local Rule 2.03.

1

## NATURE OF THE REMOVED ACTION

4. Plaintiff Isaiah Zorich alleges he is a citizen and resident of St. Louis County, Missouri. Pet. (Ex. A) ¶ 7.

5. Defendant Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *Id.* ¶ 9. Walmart is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

6. Plaintiff states he is filing his case against Walmart in addition to "DOES 1 through 10." Pet. (Ex. A) at p. 1. Plaintiff concedes that "[t]he true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names." *Id.* ¶ 10. When evaluating removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

7. Plaintiff claims that Walmart wrongly advertises certain cough and cold products as "Non-Drowsy." Pet. (Ex. A) ¶¶ 1–3. Specifically, Plaintiff contends that the labels of Walmart's Equate-branded "non-drowsy" cough and cold products containing dextromethorphan hydrobromide ("DXM") are misleadingly labeled because DXM is "widely acknowledged by medical experts to cause drowsiness." *Id.* ¶ 2.

8. Plaintiff has brought claims against Walmart for (i) breach of warranty, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Missouri Merchandising Practices Act. *Id.* ¶¶ 78–118.

9. Plaintiff asserts claims on behalf of himself and a putative class of "[a]ll Persons who, within the Class Period, purchased the Products in the State of Missouri." *Id.* ¶ 14. The class period is alleged to be January 11, 2019, to January 11, 2024.

10. Plaintiff seeks "compensatory damages, restitution, punitive damages, and attorneys' fees, and ... injunctive relief." *Id.* at p. 20.

## VENUE

11. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States district court for the district and division embracing St. Louis County, Missouri, where the state-court case was originally filed. *See* 28 U.S.C. § 105(a)(1).

## REMOVAL IS TIMELY

12. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

13. On January 18, 2024, Plaintiff served his petition on Walmart.

14. Because 30 days after service of the petition falls on Saturday, February 17, 2024, the deadline to file the notice of removal runs until the end of the next business day. Fed. R. Civ. P. 6(a)(1)(c). The next business day after Saturday, February 17, is Tuesday, February 20, 2024.

15. Therefore, Walmart's Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed on Tuesday, February 20, 2024.

## BASIS FOR REMOVAL

16. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As explained

3

below, this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act. 28 U.S.C. § 1332(d). This action is therefore removable to this Court under both 28 U.S.C. § 1441 and § 1453.

17. Pursuant to CAFA, federal jurisdiction exists over a class action if the following conditions are met: (i) minimal diversity exists (*i.e.*, at least one member of a putative class of plaintiffs and one defendant are citizens of different states), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at least $5 million, exclusive of interest and costs, *see id.* § 1332(d)(6). These requirements are satisfied here.

18. First, this case qualifies as a "class action." Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff claims that this matter is an "asserted class action" that "comports with Missouri Supreme Court Rule 52.08." Pet. (Ex. A) ¶ 13. Missouri Supreme Court Rule 52.08 is titled "Class Actions" and is similar to Federal Rule of Civil Procedure 23. *Compare* Mo. Sup. Ct. R. 52.08 *with* Fed. R. Civ. P. 23.

19. Second, the minimal-diversity requirement is met here. Plaintiff is a citizen of Missouri and Walmart is a citizen of Delaware with its principal place of business in Arkansas. Pet. (Ex. A) ¶¶ 7, 9.

20. Third, CAFA's numerosity requirement is satisfied. Plaintiff has made allegations on behalf of a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," which includes all Missouri citizens who purchased the products between January 11, 2019 to January 11, 2024. Pet. (Ex. A) p. 1 and ¶ 14. Additionally, Plaintiff

claims that the class "includes thousands of individuals on a statewide basis." *Id.* ¶ 15. Therefore, the proposed class exceeds 100 people.

21. Finally, CAFA's amount-in-controversy requirement is also met. To determine the amount in controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). That amount is calculated by "adding up the value of the claim of each person who falls within the definition of [the] proposed class" and determining whether the resulting sum exceeds $5 million. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Additionally, "[w]hen the notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (quoting *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

22. To satisfy the amount-in-controversy requirement, the defendant is not required to "prove to a legal certainty that the amount in controversy requirement has been met." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014) (internal quotations omitted). Rather, "the notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

23. Here, the amount in controversy exceeds $5 million.

24. Plaintiff seeks "restitution from Defendant and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct." *Id*. ¶ 105. He seeks that remedy on behalf of a class of those who bought the products from January 11, 2019 to January 11, 2024, in multiple states. *Id.* at p. 1 & ¶ 14.

5

25. Walmart's preliminary data shows that its retail sales of the products in Missouri alone totaled almost $6 million during that period.

26. In a nearly identical case involving a class period of 2017 through 2021, Walmart alleged in its notice of removal that its sales of the same products in Missouri during that five-year period exceeded $5 million. After the plaintiff contested this, Walmart provided a declaration supporting that figure. The Eighth Circuit held Walmart had met its burden, "particularly when it is very plausible that a company the size of Walmart would have sold more than $5 million in cough suppressants in the state of Missouri over a period of five years." *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023).

27. In this case, Plaintiff—represented by the same counsel—is making identical claims against Walmart, purporting to represent not just other Missouri consumers but also consumers in eight other states and the District of Columbia. Pet. (Ex. A) ¶ 14.

28. The other states include Illinois, New York and Washington. Walmart's preliminary data shows retail sales of the products in those states during the relevant period totaled approximately $6.4 million, $4.5 million, and $3.7 million respectively.

29. Even without considering the remaining jurisdictions, the above shows Plaintiff is seeking well over $5 million of "compensation obtained by Defendant" during the class period, so this case meets the amount-in-controversy requirement for that reason alone. *Brunts,* 68 F.4th at 1094–95 (holding Missouri sales alone were enough to meet amount-in-controversy requirement).

30. Moreover, Plaintiff seeks injunctive relief. The Eighth Circuit has not yet definitively addressed how the value of potential injunctive relief should be measured when determining the amount in controversy, but district courts have repeatedly held that the potential cost to the defendant of compliance is a proper consideration. *See, e.g., Hiedger v. The Coca-Cola*

6

*Co.*, No. 4:23-CV-00349-SEP, 2024 WL 449801 (E.D. Mo. Feb. 6, 2024) (discussing the issue and holding that the cost of compliance alone would exceed $5 million); *Bell v. Walgreens Boots Alliance, Inc.*, No. 4:22-cv-0873-JAR, 2022 WL 17987039, at *3 (E.D. Mo. Dec. 29, 2022) ("Given the nature of his claims, Plaintiff's request for injunctive relief would necessarily involve a nationwide relabeling campaign and product recall," the cost of which would far exceed Missouri sales); *Dedloff v. Target Corp.*, No. 4:22-cv-00868-JAR, 2022 WL 5241807, at *3 (E.D. Mo. Oct. 6, 2022) (similar holding).

31. Here, as in the cases above, the injunctive relief Plaintiff seeks could impose massive costs on Walmart by requiring either reformulation of the product and/or a recall and redesign of the packaging and labeling. *See* Pet. (Ex. A) ¶ 76. To comply with such injunctive relief, Walmart would need to change its packaging nationwide. On information and belief, this process would cost millions over and above the amounts in restitution or disgorgement that Plaintiff seeks. *See, e.g.*, *Hiedger*, 2024 WL 449801, at *3.

32. Finally, Plaintiff also seeks reasonable attorneys' fees, which are potentially available for the claims brought under the Missouri Merchandising Practices Act. *See* Pet. (Ex. A) p. 20; Mo. Rev. Stat. § 407.025.1.2(2). That potential recovery would also be included in the amount in controversy. *Pirozzi*, 938 F.3d at 984.

33. Combined, the compensatory relief, injunctive relief, and attorneys' fees easily satisfy CAFA's amount-in-controversy requirement. *See Pirozzi*, 938 F.3d at 984 (standard for amount-in-controversy is what plaintiff "might" recover).

## NOTICE TO ADVERSE PARTY AND STATE COURT

34. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, Walmart served written notice of removal of this case on Plaintiff's counsel by email with a courtesy copy sent via U.S. mail:

Daniel F. Harvath, MO #57599

HARVATH LAW GROUP, LLC

75 W. Lockwood, Suite #1

Webster Groves, MO 63119

dharvath@harvathlawgroup.com

35. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, Walmart will promptly file a copy of this notice with the Clerk of the Circuit Court for St. Louis County, Missouri.

## CONCLUSION

36. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Walmart removes the above-captioned action from the Circuit Court for St. Louis County, State of Missouri.

Dated: February 20, 2024              Respectfully submitted,

By: */s/ M. Kevin Underhill*
     M. Kevin Underhill
     SHOOK, HARDY & BACON L.L.P.
     555 Mission Street, Suite 2300
     San Francisco, CA 94105
     Telephone: (415) 544-1900

     Attorneys for Defendant
     WALMART INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, the foregoing document was filed using the Court's CM/ECF electronic filing system, thereby sending notice to all counsel of record.

*/s/ M. Kevin Underhill*