UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH ZORICH, *individually and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:24-cv-00265-SEP ) |
| WALMART, INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Walmart's Motion to Dismiss, Doc. [13]. The motion is fully briefed and ready for disposition. *See* Docs. [14], [15]. For the reasons set forth below, the motion is granted in part and denied in part.

**FACTS AND BACKGROUND**[1]

Defendant markets and sells over-the-counter cough and flu medicines, branded "Equate" ("the Products"). Doc. [10] ¶ 1. Plaintiff alleges that the Products are "prominently advertised as being 'Non-Drowsy' despite containing dextromethorphan hydrobromide ('DXM') — a substance scientifically proven to cause drowsiness." *Id*. Plaintiff claims that "Defendant[ ] use[s] the false and misleading 'Non-drowsy' claim to portray their Products as more valuable to buying consumers." *Id*. ¶ 4. According to Plaintiff, "the vast majority of consumers do not want to experience drowsiness or risk drowsiness during the day." *Id*. "[K]nowing consumers prefer actual 'Non Drowsy' products, Defendant[ ] created the false and misleading 'Non drowsy' claim to portray the Products as having a unique and positive quality that differentiates them from competitor products." *Id*.

Based on the false label, Plaintiff purchased the "Equate"-branded "Daytime" Cold & Flu liquid (12 oz.). *Id*. ¶ 66. Plaintiff alleges that, "[a]fter taking the recommended dosage, [he] became considerably drowsy in an unexpected, unnatural manner." *Id*. ¶ 70. "Plaintiff could not attribute this unexpected drowsiness to anything other than the Product." *Id*. Plaintiff claims

---

[1] For purposes of this Order, the Court assumes that the factual allegations in the Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

that he "did not receive the value of what [he] bargained for" because he "received a product that did not live up to one of its most-prominently advertised benefit[s]." *Id*. ¶ 75.  Plaintiff brings claims in his individual capacity and "on behalf of a putative class of Missouri residents, and/or a putative subclass of consumers from certain states, the 'Consumer Protection Subclass.'"

 Count I:  Breach of Warranty

 Count II:  Breach of Implied Contract

 Count III:  Unjust Enrichment

 Count IV:  Violation of the Missouri Merchandising Practices Act (MMPA) and other Consumer Protection Laws

*See* Doc. [10].  Defendant moves to dismiss Plaintiff's Complaint.  *See* Doc. [13].  Plaintiff agreed to voluntarily dismiss Counts I, II, and III.  *See* Doc. [14] at 18.  Thus, the Court will consider only the arguments relevant to Count IV.

## DISCUSSION

Defendant argues that Plaintiff's MMPA claim must be dismissed for the following reasons:  (1) Plaintiff's claim is preempted because he is "trying to use state law to impose additional or different labeling requirements on a federally regulated OTC product"; (2) Plaintiff has not plausibly alleged that DXM "pose[s] a drowsiness risk"; (3) Plaintiff has not adequately alleged an "ascertainable loss" as required under the MMPA; and (4) Plaintiff lacks standing to bring claims on behalf of residents of states other than Missouri.  *See* Doc. [13] at 6-7.  Defendant also argues that Plaintiff's cannot seek equitable relief because "he has not alleged facts showing that legal damages would be inadequate (or that he faces any risk of 'imminent' harm)."  *Id*. at 20.

The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri, recently addressed the first four of Defendant's five arguments in a case with virtually identical allegations.  *See Newport v. CVS Pharm.*, 2024 WL 4836072 (E.D. Mo. Nov. 20, 2024).  Upon review of the parties' briefing and the relevant case law, the Court finds Judge Autrey's reasoning and analysis persuasive and correct.  *See also Province v. Target Corp.*, 2025 WL 104183, at *1 (E.D. Mo. Jan. 15, 2025) ("Largely for the reasons explained by this Court in *Newport v. CVS Pharmacy, Inc.*, 4:24-cv-0252-HEA, 2024 WL 4836072 (E.D. Mo. Nov. 20, 2024) (Autrey, J.), and the United States District Court for the District of Minnesota in *Stephens v. Target Corp.*, 694 F. Supp. 3d 1136 (D. Minn. 2023) (Schiltz, C.J.), this Court will deny

Defendant's Motion."). Thus, for the reasons stated in Judge Autrey's November 20, 2024, Order, the Court concludes that Plaintiff's MMPA claim is not preempted; that Plaintiff has plausibly alleged that DXM "pose[s] a drowsiness risk"; that Plaintiff has adequately alleged an ascertainable loss; and that Plaintiff's purported lack of standing to bring claims on behalf of residents of other states is best addressed through the requirements of Federal Rule of Civil Procedure 23. *Newport*, 2024 WL 4836072.

As for Defendant's argument regarding injunctive relief, the Court finds that Plaintiff's request for injunctive relief must be denied. "To obtain injunctive relief, plaintiff must plead that he faces a real and immediate threat that he will suffer a similar injury in the future." *May v. Makita U.S.A., Inc.*, 2023 WL 417487, at *3 (E.D. Mo. Jan. 26, 2023) (citing *Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019)). Plaintiff maintains that he "desires to and absolutely will purchase the Products again if they were formulated to actually be non-drowsy but faces an imminent threat of harm because Plaintiff will not be able to rely on Defendant's labels in the future (without relief) and will thus be unable to purchase the Products." Doc. [10] ¶ 77. That argument is unpersuasive. Because Plaintiff "knows of the [false or misleading statements] he complains of and can elect to not buy the product," he "can no longer claim to be misled by [Defendant's] [false or misleading label]." *May*, 2023 WL 417487, at *3; *see Frankle v. Best Buy Stores, L.P.*, 609 F. Supp. 2d 841, 848 (D. Minn. 2009) (plaintiff lacked standing to seek injunctive relief where she was "not capable of benefiting from her proposed injunctive relief"). "In other words, plaintiff's knowledge of the misrepresentation precludes his reliance on the misrepresentation, thus there is no . . . Article III injury[.]" *May*, 2023 WL 417487, at *3. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [13], is **GRANTED** in part and **DENIED** in part. Counts I, II, and III are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff lacks standing to seek injunctive relief.

**IT IS FINALLY ORDERED** that the Court defers ruling on Plaintiff's purported lack of standing to bring claims on behalf of residents of other states.

Dated this 26th day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3